**BOTTIGLIERI DI NAVIGAZIONE SPA, Plaintiff–Appellant,**

v.

**TRADELINE LLC, Defendant–Appellee,**

* The Honorable Edward R. Korman, of the United States District Court for the Eastern

**Societe Generale and Standard Chartered Bank, Garnishees.**

No. 07–0850–cv.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Thomas H. Belknap, Jr., Blank Rome LLP, New York, NY, for Appellant.

Lawrence J. Kahn, (Michael Unger, on the brief) Freehill Hogan & Mahar, LLP, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges and EDWARD R. KORMAN * District Judge.

**SUMMARY ORDER**

Plaintiff-appellant Bottiglieri Di Navigazione SPA appeals a February 6, 2007 judgment of the District Court vacating an order of maritime attachment of assets of defendant-appellee, Tradeline LLC, based on the court's conclusion that plaintiff had failed to make out a prima facie admiralty claim because plaintiff's claim was unripe under English law. *See Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir.2006) (explaining that a court should issue an attachment only if

District of New York, sitting by designation.

a plaintiff has, among other things, demonstrated that "it has a valid prima facie admiralty claim against the defendant"). In particular, the District Court found that plaintiff's claim for indemnity against defendant was unripe (and therefore not a valid prima facie claim) because plaintiff had yet to incur liability to the third-party owner of the vessel in question and, under English law, a claim for indemnity does not accrue until a plaintiff has actually made a payment to the third party. *See Bottiglieri Di Na Vigazione Spa v. Tradeline LLC*, 472 F.Supp.2d 588, 590–91 (S.D.N.Y.2007). We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, plaintiff contends that the District Court erred in (1) holding that plaintiff was not entitled to an attachment because it failed to establish a prima facie admiralty claim; (2) finding plaintiff's claims against defendant unripe under English law; (3) concluding that it lacked discretion to allow an attachment in this case; and (4) failing to exercise its discretion to allow the attachment to stand.

Generally, we review a district court's decision vacating a maritime attachment for abuse of discretion. *Aqua Stoli*, 460 F.3d at 439. "However, a district court necessarily abuses its discretion when its decision rests on an error of law or a clearly erroneous finding of fact." *Id.* Therefore, our review is *de novo* insofar as we consider the District Court's legal conclusions, but we review for abuse of discretion the court's decision not to exercise its equitable powers to maintain an attachment in this case. *See id.*

We conclude that plaintiff's claims lack merit. Like the District Court, we find that plaintiff did not establish a prima facie admiralty claim because its claim against defendant was unripe. Accordingly, we conclude that the court did not err in

vacating the attachment, and we adopt the reasoning of its thorough opinion. We also conclude that the District Court did not abuse its discretion when it vacated the attachment.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.